UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

KENNETH ZORN-HILL,

                        Plaintiff,

        -against-

A2B TAXI LLC, EVERALD GILLIARD, in his
individual capacity, and TREVONNE GILLIARD,
in her individual capacity,

                      Defendants.

Case No.: 19-cv-01058 (KMK)

---------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, the named Plaintiff KENNETH ZORN-HILL, and opt-in Plaintiffs EMILY BONAVENTURE, TIMOTHY BROWN, RICKY COOK, ERIC DECKER, KWANE DELVALLE, THEODORE HALLOCK, CARY HASNER, WILLIAM JACKSON, STUART JOHNSON, GEDDES LAIRD, KRISTINE LINDSAY, CIAYAN LONDON, DARRELL MCGRIFF, LEITH MICKENS, CRAIG MORRIS, GALEN PATTILLO, IRIS PEREZ, BINDU PLATTS, MICHAEL RANDOLPH, JOSE RIVERA, DAVIS ROSNER, NICOLE SHORT, RONALD STOWERS, RODNEY STRACHAN, BARBARA THOMAS, CARL TRAVIS, SERGIO ULYSSE, and MICHAEL WARDLAW (collectively referred to hereinafter as "Plaintiffs"), and Defendants, A2B TAXI LLC ("A2B Taxi"), EVERALD GILLIARD and TREVONNE GILLIARD (collectively referred to hereinafter as "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 19-cv-01058 (KMK) (the "Lawsuit"), without further litigation or adjudication;

WHEREAS Plaintiffs and Defendants have chosen to enter into this Negotiated Settlement Agreement ("Agreement") to avoid further proceedings with respect to: (a) any and all claims Plaintiffs have made pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants in this Lawsuit, and (b) any additional FLSA or NYLL

claims concerning the hours worked by Plaintiffs or wages paid (or not paid) to Plaintiffs by Defendants, including those not contained in the Lawsuit such as, by way of example and not limitation, claims for spread of hours and minimum wage(collectively referred to as the "Wage Claims");

WHEREAS, Plaintiffs and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a *bona fide* dispute exists as to Plaintiffs' claims for alleged unpaid wages and other claims made pursuant to the FLSA and/or NYLL;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiffs' alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiffs and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1.    **Definition of Parties.**

(a)    "Releasors" shall be defined to include, but are not limited to, Kenneth Zorn-Hill, Emily Bonaventure, Timothy Brown, Ricky Cook, Eric Decker, Kwane Delvalle, Theodore Hallock, Cary Hasner, William Jackson, Stuart Johnson, Geddes Laird, Kristine Lindsay, Ciayan London, Darrell Mcgriff, Leith Mickens, Craig Morris, Galen Pattillo, Iris Perez, Bindu Platts, Michael Randolph, Jose Rivera, Davis Rosner, Nicole Short, Ronald Stowers, Rodney Strachan, Barbara Thomas, Carl Travis, Sergio Ulysse, and Michael Wardlaw, and each and every one of their respective present or former spouse(s), dependents, heirs, assigns, lien

holders, fiduciaries, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities; and,

(b)    "Releasees" shall be defined to include Defendants herein, and all presently or formerly related or affiliated persons or entities, including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, insurers, joint ventures, partners, shareholders, family members, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

2.    **Plaintiffs' Commitments**.

In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree as follows:

(a)    Plaintiffs will execute all documents, including, but not limited to, this Agreement, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown Wage Claims contained in complaints, suits, actions, charges, claims or proceedings against Releasees existing or which could exist as of the date of the execution of this Agreement.  Plaintiffs authorize their counsel to execute contemporaneously with the execution of this Agreement the Stipulation And Order Of Dismissal With Prejudice in the form attached hereto as Exhibit "A" (the "Stipulation");

(b)    An order of dismissal with prejudice as to Plaintiffs' Wage Claims shall be entered upon presentation of the Stipulation by the Defendants or by any other entity to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to or in behalf of Plaintiffs and all parties shall cooperate fully in seeking such dismissal and will prepare all papers and motions needed to do so;

(c)    In the event that, for any reason, any Wage Claims contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of the execution of this Agreement is not wholly and finally dismissed with prejudice, then the Parties agree to jointly seek Court approval of this Agreement or any negotiated revisions thereof as may be necessary to obtain a full and final release and waiver of all Wage Claims;

(d)     Plaintiffs and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the settlement, withdrawal and dismissal of the Wage Claims, and

(e)     Plaintiffs as to the Defendants and Trevonne Gilliard and Everald Gilliard as to Plaintiffs agree not to say or publicize things that are insulting or disparaging about the other Party.  Each of the parties are free to make truthful statements about their experience litigating their case (except as to statements made at the confidential mediation held on July 9, 2020). Notwithstanding the foregoing, Plaintiffs, on behalf of themselves and their counsel, agree not to take affirmative steps to contact the media to publicize this Agreement or its terms.  If contacted by the media regarding this Agreement or posting on social media Plaintiffs and Plaintiffs' counsel are free to make truthful statements about their experience litigating their case . Plaintiffs' counsel is permitted to post on his firm's website the following information (including a hyperlink to the applicable case docket): "The Firm represented twenty-nine drivers and two dispatchers employed by non-emergency medical transportation company for unpaid overtime and other wage and hour violations.  Suit was commenced bringing claims under New York State and Federal Law.   After mediation, the suit settled for payment to the drivers (totaling $105,000) and to the dispatchers (totaling $35,000). Cases:  19-cv-01058 (SDNY); 18-cv-11165 (SDNY)."

**3.     Release of Wage Claims by Plaintiffs.**

Plaintiffs, for themselves and Releasors, knowingly and voluntarily release and forever discharge Releasees of and from any and all Wage Claims of any kind or nature, whether known or unknown, arising up to and through the date of final approval by the Court of this Agreement, which may exist against Defendants, and any claim for liquidated damages, interest, costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs arising out of the Wage Claims.

**4.     Consideration.**

(a)   In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all Wage Claims they have or may have against Defendants arising up to, and including the date of the Court's Final Approval of this Agreement, and the dismissal with

prejudice of the Lawsuit, Defendants agree that A2B Taxi will pay Plaintiffs the total sum of One Hundred Five Thousand Dollars and No Cents ($105,000.00) ("the Settlement Sum");

(b)   The Settlement Sum shall be paid in seven installments.  The first installment, in the amount of $ $38,839.29 will be paid within fifteen (15) days after the Court has approved this Negotiated Settlement Agreement and "So Ordered" the parties' Stipulation And Order Of Dismissal With Prejudice (the "Initial Payment").  Every three months following the Initial Payment for six installments the Defendants shall pay installments totalling $9.761.90. Each Installment will be paid by checks drawn as specified in the schedule attached as Exhibit "B";

(c)   The Settlement Sum is provided as consideration in complete settlement, release and waiver of all alleged Wage Claims, attorneys' fees, costs and any other relief of any and every kind that Plaintiffs may have against Releasees;

(d)   The Parties understand that A2B has in the past withheld from wages for the purposes of payment of child support arrears to the State of New York from certain of the Plaintiffs.  It is understood and agreed that promptly following Final Approval of this Agreement, A2B shall notify the New York State Child Support Processing Center (the "Processing Center") of the amounts set forth in Exhibit "B" due to those Plaintiffs who have had wages withheld for these purposes.  Upon A2B's receipt of information from the Processing Center that any monies are due to be paid by A2B to the State of New York on any Plaintiff's behalf, such amount shall be withheld from the Exhibit "B" amount due to that Plaintiff.  It is understood that the first installment payment to those for whom such wages have previously been withheld may be delayed beyond the fifteen (15) day period described in Paragraph 4(b) above solely for the purpose of obtaining information from the Processing Center.  Any delay in payment due to delay by the Processing Center shall not give rise to a default as set forth in Paragraph 4(g) below.

(e)   Regardless of any tax withholding or other deductions by A2B Taxi from the Settlement Sum installment payments, each Plaintiff must ensure that his respective shares of any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by any Plaintiff of his or her respective share of said taxes, any interest, penalties or other liabilities shall be the sole obligation

and liability of that Plaintiff, who shall hold harmless, indemnify and defend A2B Taxi from any tax-related or other liability as a result of non-payment;

(f)     All counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement, which application shall be provided to Defendants for review prior to filing; and

(g)     In the event A2B Taxi fails to remit payments consistent with the installments schedule described herein, Plaintiffs' counsel will provide written notice of default to Defendants via overnight mail and email upon Defendant A2B Taxi at P.O. Box 656, South Fallsburg, NY 12779, a2btaxiwoodridge@yahoo.com with a copy to Defendants' legal counsel, in writing, by overnight mail and email to Jeffrey M. Schlossberg, Esq., Jackson Lewis P.C., 58 South Service Road, Suite 250, Melville, New York, 11747, Jeffrey.Schlossberg@jacksonlewis.com.    Should Defendants fail to cure a default in payment within ten (10) business days after the written notice, the remaining amounts due and owing will become immediately due.  Additionally, with the execution of this Agreement, A2B Taxi and Tervonne Gilliard also will provide an Affidavit of Judgment By Confession, which shall be held in escrow by counsel for Plaintiffs and shall not be filed in any court unless and until Defendants have failed to cure a default as set forth above.  Upon full payment of the Settlement Sum, counsel for Plaintiffs shall return the original of the Affidavit of Judgment By Confession to counsel for Defendants, and neither Plaintiffs nor Plaintiffs' counsel shall retain any copies thereof.

    5.    **No Other Entitlement Under the FLSA or the NYLL.**

As a consequence of this settlement, Plaintiffs affirm that they have been paid and have received all compensation, wages, bonuses, commissions, benefits and other monies to which they were was entitled under the FLSA or the NYLL.

    6.    **Non-Admission of Wrongdoing.**  Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

7.    **Attorneys' Fees.**   In the event that any of the parties retains an attorney to enforce the terms of this Agreement, through litigation or otherwise, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

8.    **Severability and Modification.**

(a)    If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Plaintiffs and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.  To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be interpreted or modified to be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification;

(b)    If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect; and,

(c)    However, if the release of all Wage Claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any Wage Claim Plaintiffs may assert; and, (ii) Plaintiffs shall execute an enforceable general and unlimited release of all Wage Claims or all monies paid hereunder shall be returned to Defendants.

9.    **Resolution of Disputes.**   Any controversy or claims relating to this Agreement, as well as any other claim, dispute, or issue, with remedies limited to those set forth above, shall be resolved in a proceeding held in and before the U.S. District Court for the Southern District of New York, and shall be decided by a judge sitting without a jury.  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to conflict of laws principles.

10.    **Section Headings.**   Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

11. **Competence to Waive Claims.** Plaintiffs are competent to effect a knowing and voluntary general and unlimited release of all Wage claims as referenced above and to enter into this Agreement. Plaintiffs are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, they have a clear and complete understanding of this Agreement, as explained to them by their counsel. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all Wage Claims, to waive all claims and to indemnify Releasees from any claims by or relating to Plaintiffs.

12. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

13. **Execution.**

(a)    The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by their counsel and translated when and where necessary. Plaintiffs fully understand that this Agreement generally releases, settles, bars and waives any and all Wage Claims that they possibly could have against Releasees. Plaintiffs further represent that they are fully satisfied with the advice and counsel provided by their attorneys.

(b)    Plaintiffs fully understand the terms of this Agreement.

14. **Translation.** It is further understood and agreed between the Parties that counsel for Plaintiffs shall be responsible for translating this Agreement to a language fully understood by Plaintiffs, and to fully advise Plaintiffs regarding the terms and conditions of this Agreement. Plaintiffs' counsel affirms that his office has translated and communicated to Plaintiffs the words and explained to Plaintiffs the meaning of this Agreement.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE,**

**SETTLE AND RELEASE WAGE CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

        IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

***BY PLAINTIFFS:***

_____
KENNETH ZORN-HILL

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF _____    )

        On the __ day of ____, 2020, before me, the undersigned notary, KENNETH ZORN-HILL personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
EMILY BONAVENTURE

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF _____    )

        On the __ day of ____, 2020, before me, the undersigned notary, EMILY BONAVENTURE personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
TIMOTHY BROWN

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF _____    )

On the __ day of ____, 2020, before me, the undersigned notary, TIMOTHY BROWN personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment


_____
RICKY COOK

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF _____   )

On the __ day of ____, 2020, before me, the undersigned notary, RICKY COOK personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment


_____
ERIC DECKER

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF _____   )

On the __ day of ____, 2020, before me, the undersigned notary, KWANE DELVALLE personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment


_____
THEODORE HALLOCK

STATE OF NEW YORK    )
                      ) ss.:

COUNTY OF _____        )

           On the __ day of ____, 2020, before me, the undersigned notary, THEODORE HALLOCK personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                                                                             Signature and Office of individual
                                                                                             taking acknowledgment

CARY HASNER

STATE OF NEW YORK        )
                           ) ss.:
COUNTY OF _____        )

           On the __ day of ____, 2020, before me, the undersigned notary, CARY HASNER personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                                                                             Signature and Office of individual
                                                                                     taking acknowledgment

WILLIAM JACKSON

STATE OF NEW YORK        )
                           ) ss.:
COUNTY OF _____        )

           On the __ day of ____, 2020, before me, the undersigned notary, WILLIAM JACKSON personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                                                                               Signature and Office of individual
                                                                             taking acknowledgment

STUART JOHNSON

STATE OF NEW YORK        )

|                    | ) ss.: |
| COUNTY OF _____ | ) |

On the __ day of ____, 2020, before me, the undersigned notary, STUART JOHNSON personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
GEDDES LAIRD

| STATE OF NEW YORK | ) |
|                    | ) ss.: |
| COUNTY OF _____ | ) |

On the __ day of ____, 2020, before me, the undersigned notary, GEDDES LAIRD personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
KRISTINE LINDSAY

| STATE OF NEW YORK | ) |
|                    | ) ss.: |
| COUNTY OF _____ | ) |

On the __ day of ____, 2020, before me, the undersigned notary, KRISTINE LINDSAY personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
CIAYAN LONDON

| STATE OF NEW YORK | ) |

) ss.:

COUNTY OF _____   )

On the __ day of ____, 2020, before me, the undersigned notary, CIAYAN LONDON personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
DARRELL MCGRIFF

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____   )

On the __ day of ____, 2020, before me, the undersigned notary, DARRELL MCGRIFF personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
LEITH MICKENS

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____   )

On the __ day of ____, 2020, before me, the undersigned notary, LEITH MICKENS personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
CRAIG MORRIS

STATE OF NEW YORK     )
                                      ) ss.:
COUNTY OF _____     )

            On the __ day of ____, 2020, before me, the undersigned notary, CRAIG MORRIS personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                     _____
                                       Signature and Office of individual
                                       taking acknowledgment

                                       _____
                                       GALEN PATTILLO

STATE OF NEW YORK     )
                                      ) ss.:
COUNTY OF _____     )

            On the __ day of ____, 2020, before me, the undersigned notary, GALEN PATTILLO personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                       _____
                                       Signature and Office of individual
                                       taking acknowledgment

                                       _____
                                       IRIS PEREZ

STATE OF NEW YORK     )
                                      ) ss.:
COUNTY OF _____     )

            On the __ day of ____, 2020, before me, the undersigned notary, IRIS PEREZ personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                       _____
                                       Signature and Office of individual
                                       taking acknowledgment

                                       _____
                                       BINDU PLATTS

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF _____ )

On the __ day of ____, 2020, before me, the undersigned notary, BINDU PLATTS personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
MICHAEL RANDOLPH

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF _____ )

On the __ day of ____, 2020, before me, the undersigned notary, MICHAEL RANDOLPH personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
JOSE RIVERA

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF _____ )

On the __ day of ____, 2020, before me, the undersigned notary, JOSE RIVERA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
DAVID ROSNER

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

        On the __ day of ____, 2020, before me, the undersigned notary, DAVID ROSNER personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                   _____
                                   Signature and Office of individual
                                   taking acknowledgment

_____
NICOLE SHORT

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

        On the __ day of ____, 2020, before me, the undersigned notary, NICOLE SHORT personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                     _____
                                   Signature and Office of individual
                                   taking acknowledgment

_____
RONALD STOWERS

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

        On the __ day of ____, 2020, before me, the undersigned notary, RONALD STOWERS personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                     _____
                                   Signature and Office of individual
                                   taking acknowledgment

_____
RODNEY STRACHAN

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF _____  )

        On the __ day of ____, 2020, before me, the undersigned notary, RODNEY STRACHAN personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment


_____
BARBARA THOMAS

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF _____  )

        On the __ day of ____, 2020, before me, the undersigned notary, BARBARA THOMAS personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment


_____
CARL TRAVIS

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF _____  )

        On the __ day of ____, 2020, before me, the undersigned notary, CARL TRAVIS personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
             taking
acknowledgment


_____

SERGIO ULYSSE

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF _____   )

        On the __ day of ____, 2020, before me, the undersigned notary, SERGIO ULYSSE personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                        _____
                                        Signature and Office of individual
                                        taking acknowledgment


                                        _____

MICHAEL WARDLAW

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF _____   )

        On the __ day of ____, 2020, before me, the undersigned notary, MICHAEL WARDLAW personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                        _____
                                        Signature and Office of individual

taking acknowledgment


**As to Paragraphs 3(e) and 14 only:**

                                    CHARNY & WHEELER P.C.

Dated: _____, 2020       By:   _____
                                          Nathaniel K. Charny


**FOR DEFENDANTS:**

                                    A2B TAXI LLC, EVERALD GILLIARD and TREVONNE GILLIARD

                                By:   _____
                                        Trevonne Gilliard, Owner

A2B Taxi LLC

STATE OF NEW YORK　　)
　　　　　　　　　　　) ss.:
COUNTY OF _____　)

　　　　　　On the __ day of _____, 2020, before me, the undersigned notary, Trevonne Gilliard personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement on behalf of A2B Taxi LLC.

_____
Signature and Office of individual
taking acknowledgment


_____
Everald Gilliard

STATE OF NEW YORK　　)
　　　　　　　　　　　) ss.:
COUNTY OF _____　)

　　　　　　On the __ day of ____, 2020, before me, the undersigned notary, Everald Gilliard personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KENNETH ZORN-HILL,

                           Plaintiff,

           -against-

A2B TAXI LLC, EVERALD GILLIARD, in his
individual capacity, and TREVONNE GILLIARD,
in her individual capacity,

                        Defendants.

Case No.:  19-cv-01058 (KMK)

------------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendants, through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiff against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent and agree to dismiss the instant action with prejudice to Plaintiffs.  The terms of the Parties' Negotiated Settlement Agreement have been reviewed and approved by the Court.  No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

*Attorneys for Plaintiff*

CHARNY & WHEELER

   9 West Market Street
   Rhinebeck, NY 12572
   Tel.: (845) 876-7500
   Fax: (845) 876-7501
   ncharny@charnywheeler.com

By:   XXXXXXXXXXXXXXX
      Nathaniel K. Charny

Dated: _____

*Attorneys for Defendants*

JACKSON LEWIS P.C.

   58 South Service Road, Suite 250
   Melville, NY 11747
   Tel.: (631) 247-0404
   Fax: (631) 247-0417
   Jeffrey.Schlossberg@jacksonlewis.com

By:   XXXXXXXXXXXXXXX
      Jeffrey M. Schlossberg

Dated: _____


The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this 16 day of ____October____, 2020

_____
     Hon. Kenneth M. Karas
    United States District Judge

# EXHIBIT B

| Name | total | initial payment 1099 | initial payment W-2 | installment 1 - 1099 | installment 2 - 1099 | installment 2- W-2 | installment 3- W-2 | installment 4 - W-2 | installment 5 - W-2 | installment 6 - W-2 |
|---|---|---|---|---|---|---|---|---|---|---|
| Bonaventure, Emily | $ 625.49 | $ 312.75 | $ 312.74 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Brown, Timothy | $ 1,823.39 | $ 682.13 | $ - | $ 190.21 | $ 39.36 | $ 150.85 | $ 190.21 | $ 190.21 | $ 190.21 | $ 190.21 |
| Cook, Ricky | $ 1,450.47 | $ 542.63 | $ - | $ 151.31 | $ 31.30 | $ 119.99 | $ 151.31 | $ 151.31 | $ 151.31 | $ 151.31 |
| Decker, Eric | $ 1,847.37 | $ 691.11 | $ - | $ 192.71 | $ 39.87 | $ 152.84 | $ 192.71 | $ 192.71 | $ 192.71 | $ 192.71 |
| Delvalle, Kwane | $ 2,496.29 | $ 933.87 | $ - | $ 260.40 | $ 53.88 | $ 206.54 | $ 260.40 | $ 260.40 | $ 260.40 | $ 260.40 |
| Hallock, Theodore | $ 801.21 | $ 400.61 | $ 400.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Hasner, Cary | $ 737.03 | $ 368.52 | $ 368.51 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Jackson, William | $ 1,221.89 | $ 457.11 | $ - | $ 127.46 | $ 26.38 | $ 101.10 | $ 127.46 | $ 127.46 | $ 127.46 | $ 127.46 |
| Johnson, Stuart | $ 7,654.34 | $ 2,863.49 | $ - | $ 798.48 | $ 165.20 | $ 633.25 | $ 798.48 | $ 798.48 | $ 798.48 | $ 798.48 |
| Laird, Geddes | $ 1,395.90 | $ 522.21 | $ - | $ 145.62 | $ 30.12 | $ 115.47 | $ 145.62 | $ 145.62 | $ 145.62 | $ 145.62 |
| Lindsay, Kristine | $ 391.79 | $ 195.90 | $ 195.89 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| London, Ciayan | $ 4,234.33 | $ 1,584.07 | $ - | $ 441.71 | $ 91.39 | $ 350.32 | $ 441.71 | $ 441.71 | $ 441.71 | $ 441.71 |
| McGriff, Darrell | $ 613.10 | $ 306.55 | $ 306.55 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Mickens, Leith | $ 6,098.94 | $ 2,281.62 | $ - | $ 636.22 | $ 131.63 | $ 504.59 | $ 636.22 | $ 636.22 | $ 636.22 | $ 636.22 |
| Morris, Craig | $ 3,168.42 | $ 1,185.31 | $ - | $ 330.52 | $ 68.38 | $ 262.13 | $ 330.52 | $ 330.52 | $ 330.52 | $ 330.52 |
| Patillo, Galen | $ 1,958.54 | $ 732.69 | $ - | $ 204.31 | $ 42.27 | $ 162.03 | $ 204.31 | $ 204.31 | $ 204.31 | $ 204.31 |
| Perez, Iris | $ 2,174.28 | $ 813.40 | $ - | $ 226.81 | $ 46.93 | $ 179.90 | $ 226.81 | $ 226.81 | $ 226.81 | $ 226.81 |
| Platts, Bindu | $ 947.02 | $ 354.28 | $ - | $ 98.79 | $ 20.44 | $ 78.35 | $ 98.79 | $ 98.79 | $ 98.79 | $ 98.79 |
| Randolph, Michael | $ 10.00 | $ 5.00 | $ 5.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Rivera, Jose | $ 5,080.02 | $ 1,900.44 | $ - | $ 529.93 | $ 109.64 | $ 420.29 | $ 529.93 | $ 529.93 | $ 529.93 | $ 529.93 |
| Rosner, David | $ 4,852.87 | $ 1,815.46 | $ - | $ 506.24 | $ 104.74 | $ 401.47 | $ 506.24 | $ 506.24 | $ 506.24 | $ 506.24 |
| Short, Nicole | $ 105.17 | $ 52.59 | $ 52.58 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Stowers, Ronald | $ 2,290.65 | $ 856.94 | $ - | $ 238.95 | $ 49.44 | $ 189.52 | $ 238.95 | $ 238.95 | $ 238.95 | $ 238.95 |
| Strachan, Rodney | $ 510.12 | $ 255.06 | $ 255.06 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Thomas, Barbara | $ 879.12 | $ 439.56 | $ 439.56 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Travis, Carl | $ 4,367.54 | $ 1,633.90 | $ - | $ 455.61 | $ 94.26 | $ 361.33 | $ 455.61 | $ 455.61 | $ 455.61 | $ 455.61 |
| Ulysse, Sergio | $ 142.31 | $ 71.16 | $ 71.15 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Wardlaw, Michael | $ 3,874.12 | $ 1,449.31 | $ - | $ 404.14 | $ 83.61 | $ 320.50 | $ 404.14 | $ 404.14 | $ 404.14 | $ 404.14 |
| Zorn-Hill, Kenneth | $ 13,248.28 | $ 4,956.11 | $ - | $ 1,382.01 | $ 285.95 | $ 1,096.17 | $ 1,382.01 | $ 1,382.01 | $ 1,382.01 | $ 1,382.01 |
| Hunlock,Christopher | $ 17,500.00 | $ 6,250.00 | $ - | $ 1,875.00 | $ 625.00 | $ 1,250.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 |
| Klonowski, Bonnie | $ 7,500.00 | $ 2,678.58 | $ - | $ 803.57 | $ 267.85 | $ 535.72 | $ 803.57 | $ 803.57 | $ 803.57 | $ 803.57 |
| Charny & Wheeler PC | $ 40,000.00 | $10,000.00 | $ - | $ 5,000.00 | $5,000.00 | $ - | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ULSTER**
------------------------------------------------------------X
KENNETH ZORN-HILL,

                           Plaintiff,                    Index No.:

                -against-

A2B TAXI LLC, TREVONNE GILLIARD and
EVERALD GILLIARD

                        Defendants.
------------------------------------------------------------X

## <u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>

Trevonne Gilliard, and Everald Gilliard being duly sworn, depose and say:

1.      I, Trevonne Gilliard ("Trevonne") am authorized to make this Affidavit on behalf of myself and Defendant A2B.

2.      I, Everald Gilliard ("Everald"), am the manager of A2B.  I am authorized to make this Affidavit on behalf of myself and A2B.

3.      This is a judgment to be confessed for money due.  The facts out of which the debt arose and the sum confession due are set forth below.

4.      On or about February 4, 2019, Plaintiff filed a complaint in the United States District Court for the Southern District of New York, which alleged, among other things, that Defendants failed to pay wages under the Fair Labor Standards Act and the New York Labor Law.

5.      Although denying any liability or wrongdoing, in or around July 2020, Plaintiff and Defendants entered into and executed a Settlement Agreement and General Release (the "Agreement").

1

6.      The Agreement generally provides that A2B will pay One Hundred Five Thousand Dollars and No Cents ($105,000.00) payable in quarterly installments over a period of eighteen (18) months as set forth in the Agreement.

7.      If A2B fails to timely make any of the settlement payments as outlined in Section 4 and Exhibit B of the Agreement, Plaintiff may, without notice or demand, except as noted below in Paragraph 7, declare the outstanding sum then unpaid immediately due and payable.  To exercise this right, Plaintiff's counsel shall notify me in writing by overnight mail and email at P.O. Box 656, South Fallsburg, NY 12779, a2btaxiwoodridge@yahoo.com, with a copy to Defendants' counsel, in writing, by overnight mail and via email to, Jeffrey M. Schlossberg, Jackson Lewis P.C., 58 South Service Road, Suite 250, Melville, New York 11747, Jeffrey.Schlossberg@jacksonlewis.com, of their intent to do so.   Defendants shall have ten (10) calendar days to remedy any such default.

8.      If Defendants do not remedy the default within ten (10) calendar days of the date that notice of default was given, I hereby authorize the entry of judgment against A2B, Trevonne and/or Everald personally pursuant to N.Y. C.P.L.R. Section 3218, for the amount owed under the Agreement, less than any payments made under section 4 and Exhibit B of the Agreement. Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, as a judgment against A2B, against all property, of any kind, in which A2B, Trevonne or Everald have any ownership interest.

9.      This Confession of Judgment is given solely to secure Plaintiff in the installment payments of the Settlement Payment as agreed to in the Agreement.

10.      The original of this Affidavit of Confession of Judgment shall remain in escrow with Plaintiff's counsel, Charny & Wheeler P.C. and the original shall be returned to Defendants'

counsel upon completion of the payment obligations contained in the annexed Settlement Agreement.

_____        _____
TREVONNE GILLIARD                                    DATE

STATE OF NEW YORK      ) ss.:
COUNTY OF                       )

      On August ___, 2020, before me personally appeared Trevonne Gilliard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument and that such individual made such appearance before the undersigned.

                                              _____
                                                NOTARY PUBLIC

EVERALD GILLIARD                                    DATE

STATE OF NEW YORK      ) ss.:
COUNTY OF                       )

      On August ___, 2020, before me personally appeared Everald Gilliard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument and that such individual made such appearance before the undersigned.

                                              _____
                                            NOTARY PUBLIC

4822-4685-4600, v. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHRISTOPHER HUNLOCK and BONNIE
KLONOWSKI,

                                        Plaintiffs,

                    -against-

A2B TAXI LLC, and EVERALD GILLIARD, in
his individual capacity,

                                        Defendants.

------------------------------------------------------------x

Case No.:  18-cv-11165 (KMK)

## <u>NEGOTIATED SETTLEMENT AGREEMENT</u>

WHEREAS, the named Plaintiffs CHRISTOPHER HUNLOCK and BONNIE KLONOWSKI (collectively referred to hereinafter as "Plaintiffs"), and Defendants, A2B TAXI LLC ("A2B Taxi"), and EVERALD GILLIARD (collectively referred to hereinafter as "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 18-cv-11165 (KMK) (the "Lawsuit"), without further litigation or adjudication;

WHEREAS Plaintiffs and Defendants have chosen to enter into this Negotiated Settlement Agreement ("Agreement") to avoid further proceedings with respect to any and all claims Plaintiffs have made pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (referred to as the "Wage Claims") against Defendants in this Lawsuit or that Plaintiffs could assert in any other case or forum and intending to settle, bar and waive any and all such claims that Plaintiffs have or may have against Defendants;

WHEREAS, Plaintiffs and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a *bona fide* dispute exists as to Plaintiffs' claims for alleged unpaid wages and other claims made pursuant to the FLSA and/or NYLL;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiffs' alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiffs and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1.    **Definition of Parties.**

(a)    "Releasors" shall be defined to include, but are not limited to, Christopher Hunlock and Bonnie Klonowski and each and every one of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities; and,

(b)    "Releasees" shall be defined to include Defendants herein, and all presently or formerly related or affiliated persons or entities, including, but not limited to, Trevonne Gilliard and any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, insurers, joint ventures, partners, shareholders, family members, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

2.    **Plaintiffs' Commitments.**

In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree as follows:

(a)    Plaintiffs will execute all documents, including, but not limited to, this Agreement, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all

known or unknown Wage Claims contained in complaints, suits, actions, charges, claims or proceedings against Releasees existing or which could exist as of the date of the execution of this Agreement. Plaintiffs authorize their counsel to execute contemporaneously with the execution of this Agreement the Stipulation And Order Of Dismissal With Prejudice in the form attached hereto as Exhibit "A" (the "Stipulation");

(b)    An order of dismissal with prejudice as to Plaintiffs' Wage Claims shall be entered upon presentation of the Stipulation by the Defendants or by any other entity to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to or in behalf of Plaintiffs and all parties shall cooperate fully in seeking such dismissal and will prepare all papers and motions needed to do so;

(c)    In the event that, for any reason, any Wage Claims contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of the execution of this Agreement is not wholly and finally dismissed with prejudice, then the Parties agree to jointly seek Court approval of this Agreement or any negotiated revisions thereof as may be necessary to obtain a full and final release and waiver of all Wage Claims;

(d)    Plaintiffs and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the settlement, withdrawal and dismissal of the Wage Claims; and

(e)    Plaintiffs as to the Defendants and Trevonne Gilliard and Everald Gilliard as to Plaintiffs agree not to say or publicize things that are insulting or disparaging about the other Party. Each of the parties are free to make truthful statements about their experience litigating their case (except as to statements made at the confidential mediation held on July 9, 2020). Notwithstanding the foregoing, Plaintiffs, on behalf of themselves and their counsel, agree not to take affirmative steps to contact the media to publicize this Agreement or its terms. If contacted by the media or posting on social media regarding this Agreement, Plaintiffs and Plaintiffs' counsel are free to make truthful statements about their experience litigating their case . Plaintiffs' counsel is permitted to post on his firm's website the following information (including a hyperlink to the applicable case docket): "The Firm represented twenty-nine drivers and two dispatchers employed by non-emergency medical transportation company for unpaid overtime and other wage and hour

3

violations.  Suit was commenced bringing claims under New York State and Federal Law.  After mediation, the suit settled for payment to the drivers (totaling $105,000) and to the dispatchers (totaling $35,000). Cases:  <u>19-cv-01058 (SDNY)</u>; <u>18-cv-11165 (SDNY)</u>."

3.      **<u>Release of Wage Claims by Plaintiffs</u>.**

Plaintiffs, for themselves and Releasors, knowingly and voluntarily release and forever discharge Releasees of and from any and all Wage Claims of any kind or nature, whether known or unknown, arising up to and as of the date of the execution of this Agreement, which may exist against Defendants, including, but not limited to, the Wage Claims contained in the Complaint in the Lawsuit and any other alleged violation of**:**

- the FLSA, the NYLL, or any other state or local wage hour law, rule or regulation that may apply or have applied to Plaintiffs' employment or alleged employment with any of the Defendants, and

- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

4.      **<u>Consideration</u>.**

(a)   In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all Wage Claims they have or may have against Defendants arising up to, and including the date of the execution of this Agreement, and the dismissal with prejudice of the Lawsuit, Defendants agree that A2B Taxi will pay Plaintiffs the total sum of Thirty Five Thousand Dollars and No Cents ($35,000.00) ("the Settlement Sum");

(b)   The Settlement Sum shall be paid in seven installments.  The first installment, in the amount of $11,160.71 will be paid within fifteen (15) days after the Court has approved this Negotiated Settlement Agreement and "So Ordered" the parties' Stipulation And Order Of Dismissal With Prejudice (the "Initial Payment").  Every three months following the Initial Payment for six installments the Defendants shall pay installments totalling $5,238.10.  Each Installment will be paid by checks drawn as specified in the schedule attached as Exhibit "B";

(c)  The Settlement Sum is provided as consideration in complete settlement, release and waiver of all alleged Wage Claims, attorneys' fees, costs and any other relief of any and every kind that Plaintiffs may have against Releasees;

(d)  Regardless of any tax withholding or other deductions by A2B Taxi from the Settlement Sum installment payments, each Plaintiff must ensure that his respective shares of any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by any Plaintiff of his or her respective share of said taxes, any interest, penalties or other liabilities shall be the sole obligation and liability of that Plaintiff, who shall hold harmless, indemnify and defend A2B Taxi from any tax-related or other liability as a result of non-payment;

(e)  Upon the complete execution of this Agreement, Plaintiffs' counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement, which application shall be provided to Defendants for review prior to filing; and

(f)  In the event A2B Taxi fails to remit payments consistent with the installments schedule described herein, Plaintiffs' counsel will provide written notice of default to Defendants via overnight mail and email upon Defendant A2B Taxi at 51 Aspen Lane, Woodridge, New York 12789, a2btaxiwoodridge@yahoo.com, with a copy to Defendants' legal counsel, in writing, by overnight mail and email to Jeffrey M. Schlossberg, Esq., Jackson Lewis P.C., 58 South Service Road, Suite 250, Melville, New York, 11747, Jeffrey.Schlossberg@jacksonlewis.com. Should Defendants fail to cure a default in payment within ten (10) business days after the written notice, the remaining amounts due and owing will become immediately due.  Additionally, with the execution of this Agreement, A2B Taxi also will provide an Affidavit of Judgment By Confession, which shall be held in escrow by counsel for Plaintiffs and shall not be filed in any court unless and until Defendants have failed to cure a default as set forth above.  Upon full payment of the Settlement Sum, counsel for Plaintiffs shall return the original of the Affidavit of Judgment By Confession to counsel for Defendants, and neither Plaintiffs nor Plaintiffs' counsel shall retain any copies thereof.

5.      **No Other Entitlement Under the FLSA or the NYLL.**

As a consequence of this settlement, Plaintiffs affirm that they have been paid and have received all compensation, wages, bonuses, commissions, benefits and other monies to which they were was entitled under the FLSA or the NYLL.

6.      **Non-Admission of Wrongdoing.**  Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

7.      **Attorneys' Fees.**   In the event that any of the parties retains an attorney to enforce the terms of this Agreement, through litigation or otherwise, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

8.      **Severability and Modification.**

(a)      If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Plaintiffs and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.  To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be interpreted or modified to be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification;

(b)      If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect; and,

(c)      However, if the release of all Wage Claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any Wage Claim Plaintiffs may assert; and, (ii) Plaintiffs shall execute an enforceable general and unlimited release of all Wage Claims or all monies paid hereunder shall be returned to Defendants.

9.    **Resolution of Disputes**.  Any controversy or claims relating to this Agreement, as well as any other claim, dispute, or issue, with remedies limited to those set forth above, shall be resolved in a proceeding held in and before the U.S. District Court for the Southern District of New York, and shall be decided by a judge sitting without a jury.  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to conflict of laws principles.

10.    **Section Headings**.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

11.    **Competence to Waive Claims**.  Plaintiffs are competent to effect a knowing and voluntary general and unlimited release of all Wage claims as referenced above and to enter into this Agreement.  Plaintiffs are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired.  To the contrary, they have a clear and complete understanding of this Agreement, as explained to them by their counsel.  Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all Wage Claims, to waive all claims and to indemnify Releasees from any claims by or relating to Plaintiffs.

12.    **Counterparts**.  This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.  A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

13.    **Execution**.

(a)    The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants.  The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by their counsel and translated when and where necessary. Plaintiffs fully understand that this Agreement generally releases, settles, bars and waives any and all Wage Claims that they possibly could have against Releasees.  Plaintiffs further represent that they are fully satisfied with the advice and counsel provided by their attorneys.

(b)    Plaintiffs fully understand the terms of this Agreement.

14. **Translation.**  It is further understood and agreed between the Parties that counsel for Plaintiffs shall be responsible for translating this Agreement to a language fully understood by Plaintiffs, and to fully advise Plaintiffs regarding the terms and conditions of this Agreement. Plaintiffs' counsel affirms that his office has translated and communicated to Plaintiffs the words and explained to Plaintiffs the meaning of this Agreement.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFFS:*

_____
CHRISTOPHER HUNLOCK

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF _____    )

On the __ day of ____, 2020, before me, the undersigned notary, CHRISTOPHER HUNLOCK personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
BONNIE KLONOWSKI

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF _____    )

On the ___ day of _____, 2020, before me, the undersigned notary, BONNIE KLONOWSKI personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

### *As to Paragraph 14 only:*

CHARNY & WHEELER P.C.

Dated: _____, 2020          By: _____
                                           Nathaniel K. Charny

### *FOR DEFENDANTS:*

A2B TAXI LLC and EVERALD GILLIARD

By: _____
     Everald Gilliard, Manager
     A2B Taxi LLC

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF _____       )

On the ___ day of _____, 2020, before me, the undersigned notary, Everald Gilliard personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement on behalf of A2B Taxi LLC.

_____
Signature and Office of individual
taking acknowledgment

_____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHRISTOPHER HUNLOCK and BONNIE
KLONOWSKI,

                                              Plaintiffs,

                -against-

A2B TAXI LLC, and EVERALD GILLIARD, in
his individual capacity,

                                              Defendants.
-------------------------------------------------------x

Case No.:  18-cv-11165 (KMK)

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendants, through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiffs against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent and agree to dismiss the instant action with prejudice to Plaintiffs.  The terms of the Parties' Negotiated Settlement Agreement have been reviewed and approved by the Court.  No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

*Attorneys for Plaintiffs*

    CHARNY & WHEELER

    9 West Market Street
    Rhinebeck, NY 12572
    Tel.: (845) 876-7500
    Fax: (845) 876-7501
    ncharny@charnywheeler.com

By:   XXXXXXXXXXXXXX
      Nathaniel K. Charny

Dated: _____

*Attorneys for Defendants*

    JACKSON LEWIS P.C.

    58 South Service Road, Suite 250
    Melville, NY 11747
    Tel.: (631) 247-0404
    Fax: (631) 247-0417
    Jeffrey.Schlossberg@jacksonlewis.com

By:   XXXXXXXXXXXXXX
      Jeffrey M. Schlossberg

Dated: _____


The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this 16 day of ___October___, 2020

_____
      Hon. Kenneth M. Karas
    United States District Judge

# EXHIBIT B

| Name | total | initial payment 1099 | initial payment W-2 | installment 1 - 1099 | installment 2 - 1099 | installment 2- W-2 | installment 3- W-2 | installment 4 - W-2 | installment 5 - W-2 | installment 6 - W-2 |
|---|---|---|---|---|---|---|---|---|---|---|
| Bonaventure, Emily | $ 625.49 | $ 312.75 | $ 312.74 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Brown, Timothy | $ 1,823.39 | $ 682.13 | $ - | $ 190.21 | $ 39.36 | $ 150.85 | $ 190.21 | $ 190.21 | $ 190.21 | $ 190.21 |
| Cook, Ricky | $ 1,450.47 | $ 542.63 | $ - | $ 151.31 | $ 31.30 | $ 119.99 | $ 151.31 | $ 151.31 | $ 151.31 | $ 151.31 |
| Decker, Eric | $ 1,847.31 | $ 691.11 | $ - | $ 192.71 | $ 39.87 | $ 152.84 | $ 192.71 | $ 192.71 | $ 192.71 | $ 192.71 |
| Delvalle, Kwane | $ 2,496.29 | $ 933.87 | $ - | $ 260.40 | $ 53.88 | $ 206.54 | $ 260.40 | $ 260.40 | $ 260.40 | $ 260.40 |
| Hallock, Theodore | $ 801.21 | $ 400.61 | $ 400.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Hasner, Cary | $ 737.03 | $ 368.52 | $ 368.51 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Jackson, William | $ 1,221.89 | $ 457.11 | $ - | $ 127.46 | $ 26.38 | $ 101.10 | $ 127.46 | $ 127.46 | $ 127.46 | $ 127.46 |
| Johnson, Stuart | $ 7,654.34 | $ 2,863.49 | $ - | $ 798.48 | $ 165.20 | $ 633.25 | $ 798.48 | $ 798.48 | $ 798.48 | $ 798.48 |
| Laird, Geddes | $ 1,395.90 | $ 522.21 | $ - | $ 145.62 | $ 30.12 | $ 115.47 | $ 145.62 | $ 145.62 | $ 145.62 | $ 145.62 |
| Lindsay, Kristine | $ 391.79 | $ 195.90 | $ 195.89 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| London, Ciayan | $ 4,234.33 | $ 1,584.07 | $ - | $ 441.71 | $ 91.39 | $ 350.32 | $ 441.71 | $ 441.71 | $ 441.71 | $ 441.71 |
| McGriff, Darrell | $ 613.10 | $ 306.55 | $ 306.55 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Mickens, Leith | $ 6,098.94 | $ 2,281.62 | $ - | $ 636.22 | $ 131.63 | $ 504.59 | $ 636.22 | $ 636.22 | $ 636.22 | $ 636.22 |
| Morris, Craig | $ 3,168.42 | $ 1,185.31 | $ - | $ 330.52 | $ 68.38 | $ 262.13 | $ 330.52 | $ 330.52 | $ 330.52 | $ 330.52 |
| Patillo, Galen | $ 1,958.54 | $ 732.69 | $ - | $ 204.31 | $ 42.27 | $ 162.03 | $ 204.31 | $ 204.31 | $ 204.31 | $ 204.31 |
| Perez, Iris | $ 2,174.28 | $ 813.40 | $ - | $ 226.81 | $ 46.93 | $ 179.90 | $ 226.81 | $ 226.81 | $ 226.81 | $ 226.81 |
| Platts, Bindu | $ 947.02 | $ 354.28 | $ - | $ 98.79 | $ 20.44 | $ 78.35 | $ 98.79 | $ 98.79 | $ 98.79 | $ 98.79 |
| Randolph, Michael | $ 10.00 | $ 5.00 | $ 5.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Rivera, Jose | $ 5,080.02 | $ 1,900.44 | $ - | $ 529.93 | $ 109.64 | $ 420.29 | $ 529.93 | $ 529.93 | $ 529.93 | $ 529.93 |
| Rosner, David | $ 4,852.87 | $ 1,815.46 | $ - | $ 506.24 | $ 104.74 | $ 401.47 | $ 506.24 | $ 506.24 | $ 506.24 | $ 506.24 |
| Short, Nicole | $ 105.17 | $ 52.59 | $ 52.58 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Stowers, Ronald | $ 2,290.65 | $ 856.94 | $ - | $ 238.95 | $ 49.44 | $ 189.52 | $ 238.95 | $ 238.95 | $ 238.95 | $ 238.95 |
| Strachan, Rodney | $ 510.12 | $ 255.06 | $ 255.06 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Thomas, Barbara | $ 879.12 | $ 439.56 | $ 439.56 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Travis, Carl | $ 4,367.54 | $ 1,633.90 | $ - | $ 455.61 | $ 94.26 | $ 361.33 | $ 455.61 | $ 455.61 | $ 455.61 | $ 455.61 |
| Ulysse, Sergio | $ 142.31 | $ 71.16 | $ 71.15 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Wardlaw, Michael | $ 3,874.12 | $ 1,449.31 | $ - | $ 404.14 | $ 83.61 | $ 320.50 | $ 404.14 | $ 404.14 | $ 404.14 | $ 404.14 |
| Zorn-Hill, Kenneth | $ 13,248.28 | $ 4,956.11 | $ - | $ 1,382.01 | $ 285.95 | $ 1,096.17 | $ 1,382.01 | $ 1,382.01 | $ 1,382.01 | $ 1,382.01 |
| Hunlock,Christopher | $ 17,500.00 | $ 6,250.00 | $ - | $ 1,875.00 | $ 625.00 | $ 1,250.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 |
| Klonowski, Bonnie | $ 7,500.00 | $ 2,678.58 | $ - | $ 803.57 | $ 267.85 | $ 535.72 | $ 803.57 | $ 803.57 | $ 803.57 | $ 803.57 |
| Charny & Wheeler PC | $ 40,000.00 | $10,000.00 | $ - | $ 5,000.00 | $5,000.00 | $ - | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ULSTER**
--------------------------------------------------------------X
CHRISTOPHER HUNLOCK and

BONNIE KLONOWSKI,

                    Plaintiffs,                    Index No.:


              -against-


A2B TAXI LLC and EVERALD GILLIARD,

                    Defendants.
--------------------------------------------------------------X

## AFFIDAVIT OF CONFESSION OF JUDGMENT

       Everald Gilliard being duly sworn, depose and say:

       1.       I, Everald Gilliard ("Everald"), am the manager of A2B.  I am authorized to make this Affidavit on behalf of myself and A2B.

       2.       This is a judgment to be confessed for money due.  The facts out of which the debt arose and the sum confession due are set forth below.

       3.       On or about November 30, 2018, Plaintiff Christopher Hunlock filed a complaint in the United States District Court for the Southern District of New York, which alleged, among other things, that Defendants A2B and Everald failed to pay wages under the Fair Labor Standards Act and the New York Labor Law.

       4.       On or about August 21, 2020, Plaintiff filed an amended complaint to add Plaintiff Bonnie Klonowski.

       5.       Although denying any liability or wrongdoing, in or around July 2020, Plaintiffs and Defendants entered into and executed a Settlement Agreement and General Release (the "Agreement").

6.      The Agreement generally provides that A2B will pay Thirty Five Thousand Dollars and No Cents ($35,000.00) payable in quarterly installments over a period of eighteen (18) months as set forth in the Agreement.

7.      If A2B fails to timely make any of the settlement payments as outlined in Section 4 and Exhibit B of the Agreement, Plaintiffs may, without notice or demand, except as noted below in Paragraph 7, declare the outstanding sum then unpaid immediately due and payable.  To exercise this right, Plaintiffs' counsel shall notify me in writing by overnight mail and email at P.O. Box 656, South Fallsburg, NY 12779, a2btaxiwoodridge@yahoo.com, with a copy to Defendant's counsel, in writing, by overnight mail and via email to, Jeffrey M. Schlossberg, Jackson Lewis P.C.,    58    South    Service    Road,    Suite    250,    Melville,    New    York    11747, Jeffrey.Schlossberg@jacksonlewis.com, of their intent to do so.   Defendants shall have ten (10) calendar days to remedy any such default.

8.      If Defendants do not remedy the default within ten (10) calendar days of the date that notice of default was given, I hereby authorize the entry of judgment against A2B, and Everald personally pursuant to N.Y. C.P.L.R. Section 3218, for the amount owed under the Agreement, less than any payments made under section 4 and Exhibit B of the Agreement.  Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, as a judgment against Defendants, against all property, of any kind, in which A2B, or Everald have any ownership interest.

9.      This Confession of Judgment is given solely to secure Plaintiffs in the installment payments of the Settlement Payment as agreed to in the Agreement.

10.      The original of this Affidavit of Confession of Judgment shall remain in escrow with Plaintiffs' counsel, Charny & Wheeler P.C. and the original shall be returned to Defendants'

counsel upon completion of the payment obligations contained in the annexed Settlement Agreement.

_____       _____

EVERALD GILLIARD                                        DATE

STATE OF NEW YORK       ) ss.:
COUNTY OF                          )

      On August \_\_\_, 2020, before me personally appeared Trevonne Gilliard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

4837-7338-4648, v. 1